IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALVADOR ESPARZA, JOVITA LOPEZ, on behalf of herself and LETICIA ESPARZA, a minor, FILIBERTO CHAVEZ, ESTHER SILVA-ESPARZA, and RACHEL NOFFSINGER,<br><br>    Plaintiffs,<br><br>    v.<br><br>SGT. DOERZAPH, SGT. AHLGREN, SGT. CROSS, OFFICER ROBERT HILLGOTH, OFFICER RODARTE, OFFICER TELLNER, OFFICER LINDLEY, OFFICER JOHNSON, OFFICER CORRIGAN, OFFICER MAGUIRE, OFFICER STEMMET, OFFICER WEBB, the CITY OF AURORA, DEPUTY GATSKE #113, KANE COUNTY SHERIFF PATRICK B. PEREZ, and the COUNTY OF KANE,<br><br>    Defendants. | No. 08-cv-2626<br><br>JUDGE Amy St. Eve<br><br>MAGISTRATE JUDGE Nolan |

## FIRST AMENDED COMPLAINT AT LAW

NOW COME the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit SGT. DOERZAPH, SGT. AHLGREN, SGT. CROSS, OFFICER ROBERT HILLGOTH, OFFICER RODARTE, OFFICER TELLNER, OFFICER LINDLEY, OFFICER JOHNSON, OFFICER CORRIGAN, OFFICER MAGUIRE, OFFICER STEMMET, OFFICER WEBB, (hereinafter, the "AURORA DEFENDANT OFFICERS") the CITY OF AURORA, DEPUTY GATSKE #113, (hereinafter, the "KANE DEFENDANT OFFICER"), KANE COUNTY SHERIFF PATRICK B. PEREZ, and the COUNTY OF KANE.

1

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2. PLAINTIFFS are residents of the State of Illinois and of the United States.

3. The AURORA DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF AURORA.

4. The KANE DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ.

5. The CITY OF AURORA is a duly incorporated municipal corporation and is the employer and principal of the AURORA DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the AURORA DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF AURORA.

6. The COUNTY OF KANE is a duly incorporated municipal corporation and along with KANE COUNTY SHERIFF PATRICK B. PEREZ is the employer and principal of the KANE DEFENDANT OFFICER as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the KANE DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE.

7.      KANE COUNTY SHERIFF PATRICK B. PEREZ was, at all relevant times to this complaint, the sheriff of COUNTY OF KANE.

8.      KANE COUNTY SHERIFF PATRICK B. PEREZ is sued in his official capacity.

## FACTS

9.      On or about April 14, 2008, some or all of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth Amendment to the United States Constitution.

10.     On or about April 14, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the AURORA DEFENDANT OFFICERS or the KANE DEFENDANT OFFICER.

11.     The show of force initiated by and/or the failure to intervene in the use of said force by the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFFS.

12.     The AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort.  The AURORA DEFENDANT OFFICERS or the KANE DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

13.     On April 14, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER, PLAINTIFFS were caused to suffer damages.

15. On or about April 14, 2008, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF AURORA and COUNTY OF KANE, respectively. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.

16. Upon information and belief, SGT. DOERZAPH, on April 14, 2008, came into physical contact with PLAINTIFFS.

17. Upon information and belief, SGT. AHLGREN, on April 14, 2008, came into physical contact with PLAINTIFFS.

18. Upon information and belief, SGT. CROSS, on April 14, 2008, came into physical contact with PLAINTIFFS.

19. Upon information and belief, OFFICER ROBERT HILLGOTH, on April 14, 2008, came into physical contact with PLAINTIFFS.

20. Upon information and belief, OFFICER RODARTE, on April 14, 2008, came into physical contact with PLAINTIFFS.

21. Upon information and belief, OFFICER TELLNER, on April 14, 2008, came into physical contact with PLAINTIFFS.

22.     Upon information and belief, OFFICER LINDLEY on April 14, 2008, came into physical contact with PLAINTIFFS.

23.     Upon information and belief, OFFICER JOHNSON, on April 14, 2008, came into physical contact with PLAINTIFFS.

24.     Upon information and belief, OFFICER CORRIGAN, on April 14, 2008, came into physical contact with PLAINTIFFS.

25.     Upon information and belief, OFFICER MAGUIRE, on April 14, 2008, came into physical contact with PLAINTIFFS.

26.     Upon information and belief, OFFICER STEMMET, on April 14, 2008, came into physical contact with PLAINTIFFS.

27.     Upon information and belief, OFFICER WEBB, on April 14, 2008, came into physical contact with PLAINTIFFS.

28.     Upon information and belief, DEPUTY GATSKE #113, on April 14, 2008, came into physical contact with PLAINTIFFS.

**CONSPIRACY**

29.     Some or all of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER conspired to cause damage to PLAINTIFFS in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

    b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

    c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

    d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and

5

   e. generating false documentation to cover-up for their own
    and each other's misconduct.

30. In connection with the above conspiracy, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER specifically engaged in communication on or about April 14, 2008, whereby the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, incur property damage and financial loss, and suffer emotionally.

## EQUAL PROTECTION

31. The actions of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER failed in their duty to enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

32. With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis. PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER. The AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER acted with discriminatory intent by treating PLAINTIFFS differently

and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS.  Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

### *MONELL* ALLEGATIONS

33. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF AURORA and the COUNTY OF KANE to perform the following acts and/or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   c. fail to properly discipline officers from said police department who have committed act(s) of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   d. fail to properly investigate a complaint of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF AURORA and/or COUNTY OF KANE police officer upon another;

   e. fail to take proper remedial action against a CITY OF AURORA and/or COUNTY OF KANE police officer once it is determined that an act of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

   f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

   g. fail to provide adequate sanctions/discipline to officers who commit wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive

atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia,* wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.  fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

j.  fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or and the COUNTY OF KANE police departments;

k.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

m.  fail to properly investigate officers who commit acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.  fail to take proper remedial action with officers who commit acts of wrongful search, destruction of property, significant intrusions to the body of innocent

8

      citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

    o.  fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments.

34.    This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF AURORA and COUNTY OF KANE for a significant period of time, so much so, that police officers for the CITY OF AURORA and COUNTY OF KANE recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF AURORA and COUNTY OF KANE police departments in order to permit said conduct to re-occur.

35.    A code of silence exists between officers of the Defendant Municipalities.  This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct).  This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**COUNT I**
**§1983 Excessive Force**

36.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

37.    The actions, and/or the failure to intervene in the actions, of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER amounted to an excessive use of force onto PLAINTIFFS.  This conduct violates the Fourth Amendment of the United States Constitution.

38. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT II
### §1983 False Arrest

39. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

40. The actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

41. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT III
### False Arrest –State Claim

42. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

43. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.  The conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER  was in violation of the Constitution to the State of Illinois as well as Illinois law.

44. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand punitive damages and costs against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT IV
### Battery – State Claim

45. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

46. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER struck the PLAINTIFFS intentionally, without consent and without justification.

47. The conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER  was in violation of Illinois Law.

48. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT V
### § 1983 Conspiracy Claim

49. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

50. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER  were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT VI
### Conspiracy Claim – State Law

51. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

52. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand punitive damages and costs against the AURORA DEFENDANT OFFICERS and the

KANE DEFENDANT OFFICER.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VII
### § 1983 Unlawful Seizure of Property

53. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

54. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER seized and/or destroyed the property of the PLAINTIFFS property without legal justification.

55. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.  PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT VIII
### § 1983 Equal Protection – Class of One

56. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

57. The actions of AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER  violated the Equal Protection clause to the United States Constitution.

58. The aforementioned actions of said AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT IX – *Monell*

59. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

60. As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF AURORA and COUNTY OF KANE there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF AURORA and COUNTY OF KANE in which officers were not held accountable for their wrongful and/or illegal acts.

61. Said custom, practice, policy, and/or pattern of the CITY OF AURORA and COUNTY OF KANE encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.

62. As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF AURORA and COUNTY OF KANE, PLAINTIFFS were injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFFS demand compensatory damages against the CITY OF AURORA and COUNTY OF KANE, costs and attorneys' fees. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

### COUNT X
### 745 ILCS 10/9-102 Claim Against the CITY OF AURORA

63. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

64.     Defendant CITY OF AURORA is the employer of the AURORA DEFENDANT OFFICERS alleged above.

65.     The AURORA DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF AURORA.

    WHEREFORE, should the AURORA DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the CITY OF AURORA pay PLAINTIFFS any judgment obtained against the AURORA DEFENDANT OFFICERS as a result of this complaint.

### COUNT XI
### 745 ILCS 10/9-102 Claim Against the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ

66.     PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

67.     Defendant COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ are the employer of the KANE DEFENDANT OFFICER alleged above.

68.     The KANE DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ.

    WHEREFORE, should the KANE DEFENDANT OFFICER be found liable for any of the alleged counts in this cause, PLAINTIFFS demands that, pursuant to 745 ILCS 10/9-102, the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ pay PLAINTIFFS any judgment obtained against the KANE DEFENDANT OFFICER as a result of this complaint.

### COUNT XII
### Supplementary Claim for *Respondeat Superior* Against CITY OF AURORA

69.     PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

70.     The aforesaid acts of the AURORA DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF AURORA, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the AURORA DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF AURORA and such other additional relief, as this Court deems equitable and just.

## COUNT XIII
### Supplementary Claim for *Respondeat Superior* Against COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ

71.     PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

72.     The aforesaid acts of the KANE DEFENDANT OFFICER were in the scope of employment and therefore the Defendant COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the KANE DEFENDANT OFFICER be found liable for any state claims alleged herein, Plaintiff demands judgment against the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

73.     Plaintiffs demand trial by jury.

Respectfully submitted,

s/ Abbas Merchant_____
Attorney for the Plaintiff
Abbas Merchant

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076