## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

SALVADOR ESPARZA, JOVITA LOPEZ, on )
behalf of herself and LETICIA  ESPARZA, a )
minor, FILIBERTO CHAVEZ, ESTHER )
SILVA-ESPARZA, and RACHEL )
NOFFSINGER, )
                      )
      Plaintiffs, )
                      )
      v. )       No. 08-cv-2626
                      )
SGT. DOERZAPH, SGT. AHLGREN, SGT. )    JUDGE Amy St. Eve
CROSS, OFFICER ROBERT HILLGOTH, )
OFFICER RODARTE, OFFICER TELLNER,)    MAGISTRATE JUDGE
OFFICER LINDLEY, OFFICER JOHNSON, )         Nolan
OFFICER CORRIGAN, OFFICER )
MAGUIRE, OFFICER STEMMET, OFFICER)
WEBB, the CITY OF AURORA, DEPUTY )
GATSKE #113, KANE COUNTY SHERIFF )
PATRICK B. PEREZ, and the COUNTY OF )
KANE, )
                      )
      Defendants. )

### Answer and Affirmative Defenses of Kane County
### Sheriff Patrick B. Perez

Now comes Kane County Sheriff Patrick B. Perez, by his attorneys Kane County Assistant State's Attorneys Joseph F. Lulves and Amy P. Engerman, and for his answer and affirmative defenses to Plaintiff's First Amended Complaint states as follows:

### Jurisdiction

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the

Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER:    Admitted.

## Parties

2.    PLAINTIFFS are residents of the State of Illinois and of the United States.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

3.    The AURORA DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF AURORA.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

4.    The KANE DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ.

ANSWER:    Admitted.

5.    The CITY OF AURORA is a duly incorporated municipal corporation and is the employer and principal of the AURORA DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the AURORA DEFENDANT OFFICERS were acting under color of state law,

ordinance and/or regulation, statutes, custom and usages of the CITY OF AURORA.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment.

6.     The COUNTY OF KANE is a duly incorporated municipal corporation and along with KANE COUNTY SHERIFF PATRICK B. PEREZ is the employer and principal of the KANE DEFENDANT OFFICER as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).   At all times material to this complaint, the KANE DEFENDANT OFFICER was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE.

ANSWER:   Defendant Deputy is not an employee of the County of Kane and was not acting under county ordinance, regulation, statute, custom, or usage, of the County of Kane. The Defendant has insufficient information with which to form a belief as to the truth of the averment regarding other officers present. Defendant deputy admits he is an employee of the Kane County Sheriff.

7.     KANE COUNTY SHERIFF PATRICK B. PEREZ was, at all relevant times to this complaint, the sheriff of COUNTY OF KANE.

ANSWER:   Admitted.

8.     KANE COUNTY SHERIFF PATRICK B. PEREZ is sued in his official capacity.

ANSWER:   Admitted.

## Facts

9.    On or about April 14, 2008, some or all of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER:  Denied as to the Kane County Sheriff and Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

10.    On or about April 14, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the AURORA DEFENDANT OFFICERS or the KANE DEFENDANT OFFICER.

ANSWER:  Admitted as to the Kane County Sheriff and Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

11.    The show of force initiated by and/or the failure to intervene in the use of said force by the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFFS.

ANSWER:  Denied as to the Kane County Sheriff and Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

12.    The AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with

criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER failed to observe and/or learn that PLAINTIFFS had committed criminal activity of any sort. The AURORA DEFENDANT OFFICERS or the KANE DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

ANSWER:   Denied as to the Kane County Sheriff and Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

13.    On April 14, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

ANSWER:   Defendant has insufficient information with which to form a belief as to the truth of this averment.

14.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER, PLAINTIFFS were caused to suffer damages.

ANSWER:   Denied as to the Kane County Sheriff and Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

15.    On or about April 14, 2008, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were on duty at all times relevant to this

complaint and were duly appointed police officers for the CITY OF AURORA and COUNTY OF KANE, respectively. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.

ANSWER: Denied as to the Kane County Sheriff and Kane County Deputy. Defendant admits the capacity in which he is sued, and has insufficient information with which to form a belief as to the truth of the remaining averments.

16.    Upon information and belief, SGT. DOERZAPH, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

17.    Upon information and belief, SGT. AHLGREN, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

18.    Upon information and belief, SGT. CROSS, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of this averment.

19.     Upon information and belief, OFFICER ROBERT HILLGOTH, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

20.     Upon information and belief, OFFICER RODARTE, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

21.     Upon information and belief, OFFICER TELLNER, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

22.     Upon information and belief, OFFICER LINDLEY on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

23.     Upon information and belief, OFFICER JOHNSON, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

24.     Upon information and belief, OFFICER CORRIGAN, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

25.    Upon information and belief, OFFICER MAGUIRE, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

26.    Upon information and belief, OFFICER STEMMET, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

27.    Upon information and belief, OFFICER WEBB, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Defendant has insufficient information with which to form a belief as to the truth of this averment.

28.    Upon information and belief, DEPUTY GATSKE #113, on April 14, 2008, came into physical contact with PLAINTIFFS.

ANSWER:    Denied.

## CONSPIRACY

29.    Some or all of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER conspired to cause damage to PLAINTIFFS in the following manner:

      a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

b.   using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

c.   agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

d.   agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and

e.   generating false documentation to cover-up for their own and each other's misconduct.

ANSWER:   Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

30.   In connection with the above conspiracy, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER specifically engaged in communication on or about April 14, 2008, whereby the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, incur property damage and financial loss, and suffer emotionally.

ANSWER:   Denied.

## EQUAL PROTECTION

31.    The actions of the AURORA DEFENDANT OFFICERS and/or the KANE

DEFENDANT OFFICER, in engaging in the above referenced cover-up, which

led to the generation of false documentation and criminal charges to be lodged

against    PLAINTIFFS,    demonstrate    that    the    AURORA    DEFENDANT

OFFICERS and/or the KANE DEFENDANT OFFICER failed in their duty to

enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating

the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution.

ANSWER:    Denied as to the Kane County Sheriff and Deputy. Defendant has

insufficient information with which to form a belief as to the truth of the

remaining averments.

32.    With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of

One."    In that regard, PLAINTIFFS were treated with ill will and/or

discriminated against with no rational basis.  PLAINTIFFS were intentionally

treated differently as a result of having a potential claim and witnessing police

misconduct attributable to the AURORA DEFENDANT OFFICERS and/or the

KANE DEFENDANT OFFICER.    The AURORA DEFENDANT OFFICERS

and/or the KANE DEFENDANT OFFICER acted with discriminatory intent by

treating    PLAINTIFFS    differently    and    trying    to    cause    further    injury    to

PLAINTIFFS by generating false evidence against PLAINTIFFS.    Further,

PLAINTIFFS were similarly situated to other individuals involved in incidents

with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

ANSWER:   Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

### *MONELL* ALLEGATIONS

33.    It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF AURORA and the COUNTY OF KANE to perform the following acts and/or omissions:

    a.    generate false documentation to cover-up for the misconduct of fellow police officers;

    b.    engage in acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    c.    fail to properly discipline officers from said police department who have committed act(s) of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    d.    fail to properly investigate a complaint of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF AURORA and/or COUNTY OF KANE police officer upon another;

    e.    fail to take proper remedial action against a CITY OF AURORA and/or COUNTY OF KANE police officer once it is determined that an act of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

f.    allow misconduct to occur in various types and severity such that police officers believe that they can engage in wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

g.    fail to provide adequate sanctions/discipline to officers who commit wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia*, wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.    fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

j.    fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or and the COUNTY OF KANE police departments;

k.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* wrongful search, destruction of property, significant intrusions

to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.    fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

m.    fail to properly investigate officers who commit acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

n.    fail to take proper remedial action with officers who commit acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

o.    fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments.

ANSWER:   Denied as to the Kane County Sheriff's Department. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

34.   This practice and/or custom, as alleged above, has gone unchecked and has been allowed to exist in the CITY OF AURORA and COUNTY OF KANE for

a significant period of time, so much so, that police officers for the CITY OF AURORA and COUNTY OF KANE recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF AURORA and COUNTY OF KANE police departments in order to permit said conduct to re-occur.

ANSWER: Denied as to the Kane County Sheriff's Department. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

35.    Code of silence exists between officers of the Different Municipalities. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

ANSWER: Denied as to the Kane County Sheriff's Department. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

**Count I**
**§1983 Excessive Force**

36.    PLAINTIFFS re-allege paragraphs 1 - 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers to these paragraphs.

37.    The actions, and/or the failure to intervene in the actions, of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER amounted to

an excessive use of force onto PLAINTIFFS.  This conduct violates the Fourth Amendment of the United States Constitution.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

38.    The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments

## COUNT II
### §1983 False Arrest

39.    PLAINTIFFS re-allege paragraphs 1 - 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers to these paragraphs.

40.    The actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. Therefore, the conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

41.    The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

## Count III
### False Arrest – State Claim

42.    PLAINTIFFS re-allege paragraphs 1 - 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers to these paragraphs.

43.    The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity.    The conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of the Constitution to the State of Illinois as well as Illinois law.

ANSWER: Denied as to the Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

44.    The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

## Count IV
## Battery - State Claim

45.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

46.    The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER struck the PLAINTIFFS intentionally, without consent and without justification.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

47.    The conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of Illinois Law.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

48.    The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

## Count V
## § 1983 Conspiracy Claim

49.    PLAINTIFFS re-allege paragraphs 1 - 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

50.    The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

## Count VI
## Conspiracy Claim – State Law

51.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

52.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

ANSWER: Denied as to the Kane County Sheriff and Kane County Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

### Count VII
### § 1983 Unlawful Seizure of Property

53.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

54.    The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER seized and/or destroyed the property of the PLAINTIFFS property without legal justification.

ANSWER:   Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

55.    The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

## Count VIII
## § 1983 Equal Protection – Class of One

56.     PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

57.     The actions of AURORA DEFENANT OFFICERS and the KANE DEFENDANT OFFICER violated the Equal Protection clause to the United States Constitution.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

58.     The aforementioned actions of said AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

## COUNT IX – *Monell*

59.     PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

60.     As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF AURORA and COUNTY OF KANE there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY

OF AURORA and COUNTY OF KANE in which officers were not held accountable for their wrongful and/or illegal acts.

ANSWER:  Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

61.    Said custom, practice, policy, and/or pattern of the CITY OF AURORA and COUNTY OF KANE encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

62.    As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF AURORA and COUNTY OF KANE, PLAINTIFFS were injured in a personal and pecuniary manner.

ANSWER: Denied as to the Kane County Sheriff and Deputy. Defendant has insufficient information with which to form a belief as to the truth of the remaining averments.

### Count X
### 745 ILCS 10/9-102 Claim Against the CITY OF AURORA

63.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

64.    Defendant CITY OF AURORA is the employer of the AURORA DEFENDANT OFFICERS alleged above.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of the averments.

65.    The AURORA DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF AURORA.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of these averments.

## Count XI
### 745 ILCS 10/9-102 Claim Against the County of Kane and Kane County Sheriff Patrick B. Perez

66.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

67.    Defendant COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ are the employer of the KANE DEFENDANT OFFICER alleged above.

ANSWER: Denied as to the County of Kane. Admitted as to the Kane County Sheriff.

68.    The KANE DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ.

ANSWER:    Denied as to the County of Kane. Admitted as to the Kane County Sheriff.


## Count XII
### Supplementary Claim for *Respondeat Superior* Against CITY OF AURORA

69.    PLANTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

70.    The aforesaid acts of the AURORA DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF AURORA, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

ANSWER: Defendant has insufficient information with which to form a belief as to the truth of these averments.


## COUNT XIII
### Supplementary Claim for *Respondeat Superior* Against County of Kane and Kane County Sheriff Patrick B. Perez

71.    PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

ANSWER: Defendant adopts his previous answers.

72.    The aforesaid acts of the KANE DEFENDANT OFFICER were in the scope of employment and therefore the Defendant COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ, as principal, is liable for the actions of its agents(s) under the doctrine of *respondent superior*.

ANSWER: Admitted the deputies actions were within the scope of his employment by the Kane County Sheriff; the remainder of the averments are denied.

## Affirmative Defenses

## I. Qualified Immunities

73.    Deputy Gatske is entitled to qualified immunity, with respect to the asserted federal civil rights violations, in that none of his actions violated any clearly established law.

74.    Sheriff Perez and Deputy Gatske are immune from state claims for their actions taken in the enforcement of any law unless such action is willful and wanton conduct. 745 ILCS 10/2-202.

75.    Sheriff Perez and Deputy Gatske are immune from state claims for injuries caused by the acts or omissions of third parties. 745 ILCS 10/2-204.


## II. Government Units are Immune from Suits for Punitive Damages

74.    Punitive damages claims are not recoverable against government units, on either federal claims, *City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)*, or state claims, 745 ILCS 10/2-102.


## III. Government Units are Immune from Suits for Indemnification for Punitive Damage Claims

75.    Units of government are barred by law from indemnifying employees for punitive damage claims. 745 ILCS 10/2-302.

### IV. *Respondeat Superior* is Not an Available Theory of Recovery Against an Illinois County for a Deputy Sheriff's Actions

76.    Sheriff's deputies in Illinois are not employees of a county, and therefore *respondeat superior* is not an available theory of recovery in either a federal or state action. *Franklin v. Zaruba, 150 F.3d 682 (7th Cir. 1998); Moy v. County of Cook, 159 Ill. 2d 519 (1994).*


Wherefore for all the above reasons Defendant asks this Court to enter judgment in Defendant's favor.


Respectfully submitted,
Patrick B. Perez,
Kane County Sheriff by:

/s/ Joseph F. Lulves
Assistant State's Attorney


Kane County State's Attorney
100 South Third Street, 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Atty. No. 6197008