IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SALVADOR ESPARZA, JOVITA LOPEZ, on behalf of herself and LETICIA ESPARZA, a minor, FILIBERTO CHAVEZ, ESTHER SILVA-ESPARZA, and RACHEL NOFFSINGER, | ) ) ) ) ) | No. 08 C 2626 |
| Plaintiffs, | ) ) | Judge Amy St. Eve |
| v. | ) ) | Magistrate Judge Nolan |
| SGT. DOERZAPH, SGT. AHLGREN, SGT. CROSS, OFFICER ROBERT HILLGOTH, OFFICER RODARTE, OFFICER TELLNER, OFFICER LINDLEY, OFFICER JOHNSON, OFFICER CORRIGAN, OFFICER MAGUIRE, OFFICER STEMMET, OFFICER WEBB, the CITY OF AURORA, DEPUTY GATSKE #113, KANE COUNTY SHERIFF PATRICK B. PEREZ, and the COUNTY OF KANE, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER THOMAS MAGUIRE'S ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW**

NOW COMES Defendant, Officer Thomas Maguire ("Maguire"), by and through his attorneys, John B. Murphey, Yancey L. Pinkston, Jr. and Rosenthal, Murphey and Coblentz, and hereby answers Plaintiffs' First Amended Complaint at Law as follows:

**JURISDICTION**

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** Maguire admits the allegations contained in paragraph 1.

## PARTIES

2.     PLAINTIFFS are residents of the State of Illinois and of the United States.

**ANSWER:**   Maguire does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.     The AURORA DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF AURORA.

**ANSWER:**   Maguire admits the allegations contained in paragraph 3.

4.     The KANE DEFENDANT OFFICER was at all times relevant hereto employed by and acting on behalf of the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ.

**ANSWER:**   The allegations contained in paragraph 4 are not directed at Maguire. Therefore, no answer is required.

5.     The CITY OF AURORA is a duly incorporated municipal corporation and is the employer and principal of the AURORA DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the AURORA DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF AURORA.

**ANSWER:**   Maguire admits the allegations contained in the first sentence of paragraph 5. Maguire also admits that he was acting under color of state law and reasserts his denials of the underlying substantive allegations of the First Amended Complaint.

6.     The COUNTY OF KANE is a duly incorporated municipal corporation and along with KANE COUNTY SHERIFF PATRICK B. PEREZ is the employer and principal of the

KANE DEFENDANT OFFICER as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the KANE DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the COUNTY OF KANE.

**ANSWER:**    The allegations contained in paragraph 6 are not directed at Maguire. Therefore, no answer is required.

7.    KANE COUNTY SHERIFF PATRICK B. PEREZ was, at all relevant times to this complaint, the sheriff of COUNTY OF KANE.

**ANSWER:**    The allegations contained in paragraph 7 are not directed at Maguire. Therefore, no answer is required.

8.    KANE COUNTY SHERIFF PATRICK B. PEREZ is sued in his official capacity.

**ANSWER:**    The allegations contained in paragraph 8 are not directed at Maguire. Therefore, no answer is required.

## FACTS

9.    On or about April 14, 2008, some or all of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were engaged in an unreasonable seizure of the PLAINTIFFS.  This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:**    Maguire denies the allegations contained in paragraph 9.

10.    On or about April 14, 2008, PLAINTIFFS did not obstruct justice, resist arrest and/or batter and/or assault any of the AURORA DEFENDANT OFFICERS or the KANE DEFENDANT OFFICER.

**ANSWER:**    Maguire denies the allegations contained in paragraph 10.

3

11. The show of force initiated by and/or the failure to intervene in the use of said force by the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER caused an unreasonable seizure to the PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 11.

12. The AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFFS with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFFS notwithstanding the fact that the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 12.

13. On April 14, 2008, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** Maguire denies the allegations contained in paragraph 13.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER, PLAINTIFFS were caused to suffer damages.

**ANSWER:** Maguire denies the allegations contained in paragraph 14.

15. On or about April 14, 2008, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF AURORA and COUNTY OF KANE,

respectively. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.

**ANSWER:** Maguire admits the allegations contained in the first sentence of paragraph 15. However, Maguire denies the remaining allegations contained in paragraph 15.

16. Upon information and belief, SGT. DOERZAPH, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 16.

17. Upon information and belief, SGT. AHLGREN, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 17.

18. Upon information and belief, SGT. CROSS, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 18.

19. Upon information and belief, OFFICER ROBERT HILLGOTH, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 19.

20. Upon information and belief, OFFICER RODARTE, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:** Maguire denies the allegations contained in paragraph 20.

21. Upon information and belief, OFFICER TELLNER, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 21.

22. Upon information and belief, OFFICER LINDLEY, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 22.

23. Upon information and belief, OFFICER JOHNSON, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 23.

24. Upon information and belief, OFFICER CORRIGAN, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 24.

25. Upon information and belief, OFFICER MAGUIRE, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 25.

26. Upon information and belief, OFFICER STEMMET, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 26.

27. Upon information and belief, OFFICER WEBB, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 27.

28. Upon information and belief, DEPUTY GATSKE #113, on April 14, 2008, came into physical contact with PLAINTIFFS.

**ANSWER:**   Maguire denies the allegations contained in paragraph 28.

## **CONSPIRACY**

29. Some or all of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER conspired to cause damage to PLAINTIFFS in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFFS;

   **ANSWER:** Maguire denies the allegations contained in paragraph 29(a).

   b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

   **ANSWER:** Maguire denies the allegations contained in paragraph 29(b).

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

   **ANSWER:** Maguire denies the allegations contained in paragraph 29(c).

   d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFFS; and

   **ANSWER:** Maguire denies the allegations contained in paragraph 29(d).

   e. generating false documentation to cover-up for their own and each other's misconduct.

   **ANSWER:** Maguire denies the allegations contained in paragraph 29(e).

30. In connection with the above conspiracy, the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER, specifically engaged in communication on or about April 14, 2008, whereby the AURORA DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer injury, incur property damage and financial loss, and suffer emotionally.

7

**ANSWER:**   Maguire denies the allegations contained in paragraph 30.

## EQUAL PROTECTION

31. The actions of the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFFS, demonstrate that the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER failed in their duty to enforce the laws equally and fairly towards the PLAINTIFFS, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER**:   Maguire denies the allegations contained in paragraph 31.

32. With regard to an Equal Protection Claim, PLAINTIFFS were a "Class of One." In that regard, PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis.  PLAINTIFFS were intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER. The AURORA DEFENDANT OFFICERS and/or the KANE DEFENDANT OFFICER acted with discriminatory intent by treating PLAINTIFFS differently and trying to cause further injury to PLAINTIFFS by generating false evidence against PLAINTIFFS.  Further, PLAINTIFFS were similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

**ANSWER**:   Maguire denies the allegations contained in paragraph 32.

## *MONELL* **ALLEGATIONS**

33. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF AURORA and the COUNTY OF KANE to perform the following acts and/or omissions:

    a. generate false documentation to cover-up for the misconduct of fellow police officers;

**ANSWER**: Maguire denies the allegations contained in paragraph 33(a).

    b. engaged in acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

**ANSWER**: Maguire denies the allegations contained in paragraph 33(b).

    c. fail to properly discipline officers from said police department who have committed act(s) of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

**ANSWER**: Maguire denies the allegations contained in paragraph 33(c).

    d. fail to properly investigate a complaint of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force and/or serious acts of violence perpetrated by a CITY OF AURORA and/or COUNTY OF KANE police officer upon another;

**ANSWER**: Maguire denies the allegations contained in paragraph 33(d).

    e. fail to take proper remedial action against a CITY OF AURORA and/or COUNTY OF KANE police officer once it is determined that an act of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force and/or serious acts of violence has been committed by said officer upon another;

**ANSWER**: Maguire denies the allegations contained in paragraph 33(e).

    f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

**ANSWER**: Maguire denies the allegations contained in paragraph 33(f).

g.   fail to provide adequate sanctions/discipline to officers who commit wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(g).

h.   fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia*, wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(h).

i.   fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officer to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(i).

j.   fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(j).

k.   fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(k).

l.  fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(l).

m.  fail to properly investigate officers who commit acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(m).

n.  fail to take proper remedial action with officers who commit acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(n).

o.  fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of wrongful search, destruction of property, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF AURORA and/or the COUNTY OF KANE police departments.

**ANSWER**:   Maguire denies the allegations contained in paragraph 33(o).

34.  This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF AURORA and COUNTY OF KANE for a significant period of time, so much so, that police officers for the CITY OF AURORA and COUNTY OF KANE recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF AURORA and COUNTY OF KANE Police Department in order to permit said conduct to re-occur.

**ANSWER**: Maguire denies the allegations contained in paragraph 34.

35. A code of silence exists between the officers of the Defendant Municipalities. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER**: Maguire denies the allegations contained in paragraph 35.

## COUNT I
### §1983 Excessive Force

36. PLAINTIFFS re-allege paragraphs 1-35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraph 1 – 35 as though fully set forth herein.

37. The actions, and/or the failure to intervene in the actions, of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER amounted to an excessive use of force onto PLAINTIFFS. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER**: Maguire denies the allegations contained in paragraph 37.

38. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**: Maguire denies the allegations contained in paragraph 38.

WHEREFORE, Maguire prays that this Court dismiss Count I with prejudice.

## COUNT II
### § 1983 False Arrest

39. PLAINTIFFS re-allege paragraphs 1-35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

40. The actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER caused the arrest of the PLAINTIFFS without probable cause to believe that PLAINTIFFS had committed criminal activity. Therefore, the conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: Maguire denies the allegations contained in paragraph 40.

41. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER**: Maguire denies the allegations contained in paragraph 41.

WHEREFORE, Maguire prays that this Court dismiss Count II with prejudice.

## COUNT III
### False Arrest – State Claim

42. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

43. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER arrested PLAINTIFFS without probable cause to believe that PLAINTIFFS committed criminal activity. The conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of the Constitution to the State of Illinois as well as Illinois law.

**ANSWER**: Maguire denies the allegations contained in paragraph 43.

44. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

**ANSWER**: Maguire denies the allegations contained in paragraph 44.

WHEREFORE, Maguire prays that this Court dismiss Count III with prejudice.

## COUNT IV
### Battery – State Claim

45. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

46. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER struck the PLAINTIFFS intentionally, without consent and without justification.

**ANSWER**: Maguire denies the allegations contained in paragraph 46.

47. The conduct of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER was in violation of Illinois Law.

**ANSWER**: Maguire denies the allegations contained in paragraph 47.

48. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations set forth above.

**ANSWER**: Maguire denies the allegations contained in paragraph 48.

WHEREFORE, Maguire prays that this Court dismiss Count IV with prejudice.

## COUNT V
### § 1983 Conspiracy Claim

49. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

50. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER**: Maguire denies the allegations contained in paragraph 50.

WHEREFORE, Maguire prays that this Court dismiss Count V with prejudice.

## COUNT VI
### Conspiracy Claim – State Law

51. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

52. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

**ANSWER**: Maguire denies the allegations contained in paragraph 52.

WHEREFORE, Maguire prays that this Court dismiss Count VI with prejudice.

## COUNT VII
### §1983 Unlawful Seizure of Property

53. PLAINTIFFS re-allege paragraph 1 – 35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

54. The AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER seized and/or destroyed the property of the PLAINTIFFS property without legal justification.

**ANSWER**: Maguire denies the allegations contained in paragraph 54.

55. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

**ANSWER**: Maguire denies the allegations contained in paragraph 55.

WHEREFORE Maguire prays that this Court dismiss Count VII with prejudice.

## COUNT VIII
### §1983 Equal Protection – Class of One

56. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Maguire re-alleges his answers to paragraphs 1 – 35 as though fully set forth herein.

57. The actions of AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER violated the Equal Protection clause to the United States Constitution.

**ANSWER**: Maguire denies the allegations contained in paragraph 57.

58. The aforementioned actions of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**: Maguire denies the allegations contained in paragraph 58.

WHEREFORE Maguire prays that this Court dismiss Count VIII with prejudice.

## COUNT IX – *Monell*

59. PLAINTIFFS re-allege paragraph 1 – 35 as though fully set forth herein.

**ANSWER**: Count IX is not directed at Maguire. Therefore, no answer is required.

60. As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF AURORA and COUNTY OF KANE there existed a custom, practice,

policy, and/or pattern, either implicit or explicit, of the CITY OF AURORA and COUNTY OF KANE in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER**:   Count IX is not directed at Maguire.  Therefore, no answer is required.

61.   Said custom, practice, policy, and/or pattern of the CITY OF AURORA and COUNTY OF KANE encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the AURORA DEFENDANT OFFICERS and the KANE DEFENDANT OFFICER.

**ANSWER**:   Count IX is not directed at Maguire.  Therefore, no answer is required.

62.   As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF AURORA and COUNTY OF KANE, PLAINTIFFS were injured in a personal and pecuniary manner.

**ANSWER**:   Count IX is not directed at Maguire.  Therefore, no answer is required.

WHEREFORE Maguire prays that this Court dismiss Count IX with prejudice.

## COUNT X
## 745 ILCS 10/9-102 Claim Against the CITY OF AURORA

63.   PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**:   Count X is not directed at Maguire.  Therefore, no answer is required.

64.   Defendant CITY OF AURORA is the employer of the AURORA DEFENDANT OFFICERS alleged above.

**ANSWER**:   Count X is not directed at Maguire.  Therefore, no answer is required.

65.   The AURORA DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CITY OF AURORA.

**ANSWER**:   Count X is not directed at Maguire.  Therefore, no answer is required.

WHEREFORE, Maguire prays that this Court dismiss Count X with prejudice.

## COUNT XI
### 745 ILCS 10.9-102 Claim Against the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ

66. PLAINTIFFS re-allege paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Count XI is not directed at Maguire. Therefore, no answer is required.

67. Defendant COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ are the employer of the KANE DEFENDANT OFFICER alleged above.

**ANSWER**: Count XI is not directed at Maguire. Therefore, no answer is required.

68. The KANE DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ.

**ANSWER**: Count XI is not directed at Maguire. Therefore, no answer is required.

WHEREFORE, Maguire prays that this Court dismiss Count XI with prejudice.

## COUNT XII
### Supplementary Claim for *Respondeat Superior* Against CITY OF AURORA

69. Plaintiff re-alleges paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Count XII is not directed at Maguire. Therefore, no answer is required.

70. The aforesaid acts of the AURORA DEFENDANTS OFFICERS were in the scope of their employment and therefore the Defendant CITY OF AURORA, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER**: Count XII is not directed at Maguire. Therefore, no answer is required.

WHEREFORE, Maguire prays that this Court dismiss Count XII with prejudice.

### COUNT XIII
### Supplementary Claim for *Respondeat Superior* Against COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ

71. Plaintiff re-alleges paragraphs 1 – 35 as though fully set forth herein.

**ANSWER**: Count XIII is not directed at Maguire. Therefore, no answer is required.

72. The aforesaid acts of the KANE DEFENDANT OFFICER were in the scope of their employment and therefore the Defendant COUNTY OF KANE and KANE COUNTY SHERIFF PATRICK B. PEREZ, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER**: Count XIII is not directed at Maguire. Therefore, no answer is required.

WHEREFORE, Maguire prays that this Court dismiss Count XIII with prejudice.

### JURY DEMAND

Maguire demands trial by jury.

Respectfully submitted,

OFFICER THOMAS MAGUIRE

By: /s/ John B. Murphey

JOHN B. MURPHEY
ROSENTHAL, MURPHEY & COBLENTZ
30 North LaSalle St., Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax (312) 541-9191
ARDC #1992635

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

Blake W. Horwitz
Abbas B. Merchant
Amanda S. Yarusso
Elliot S. Richardson
Erica E. Faaborg
Rachelle M. Sorg
Horwitz, Richardson & Baker, LLC
20 S. Clark Street, Suite 500
Chicago , Illinois 60603

Joseph F Lulves
Amy P. Engerman
Kane County State's Attorney's Office
100 South Third Street
Fourth Floor
Geneva, Illinois 60134

    /s/    Douglas M. Doty
ROSENTHAL, MURPHEY & COBLENTZ
Attorney for Officer Thomas Maguire
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Tel. (312) 541-1070
Fax: (312) 541-9191